| | | |
|---|---|---|
| **JEFFREY FARSHAD** | * | **NO. 2026-C-0149** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CERTAIN UNDERWRITERS** | * | |
| **AT LLOYD'S, LONDON** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-09540, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Matthew D. Monson
John C. Henry
Patricia C. Upton
Rachel L. Flarity
John D. Mineo, IV
Lauren A. Lam
Erin W. Berggren
Kyle C. Matthias
Rowan W. Stoehr
Austin T. Welch
THE MONSON LAW FIRM, LLC
5 Sanctuary Boulevard, Suite 101
Mandeville, Louisiana 70471

      COUNSEL FOR RELATOR

Sidney D. Torres, III
Beau F. Camel
Valerie L. Rodrigue
LAW OFFICES OF SIDNEY D. TORRES, III
8301 West Judge Perez Drive, Suite 303
Chalmette, Louisiana 70043

      COUNSEL FOR RESPONDENT

                               **WRIT DENIED**
                               **March 27, 2026**

NEK
DLD
RML

Relator, Certain Underwriters at Lloyd's, London ("Certain Underwriters), seeks supervisory review of the district court's January 29, 2026 judgment denying its motion for summary judgment. For the following reasons, we deny writ.

This case arises from Certain Underwriters' denial of Jeffrey Farshad's ("Mr. Farshad") insurance claim for damage his property sustained during Hurricane Ida. Mr. Farshad is the owner of the subject property located at 936 N. Rampart Street, and he obtained a homeowner's insurance policy (the "Policy") through Certain Underwriters. The Policy was in effect from April 25, 2021 through April 25, 2022, and it provided insurance coverage for the insured's "residence premises." The Policy defines "residence premises" as the place where Mr. Farshad "reside[s]"; however, the Policy does not provide a definition for the term "reside."

At the time Hurricane Ida made landfall, Mr. Farshad was not living at the subject property. In fact, in April 2021, he entered into a two-year lease agreement to rent the property to tenants, and Mr. Farshad was living at a different property

1

when Hurricane Ida came ashore. In light of this, Certain Underwriters denied Mr. Farshad's insurance claim because he did not "reside" at the subject property when it sustained damage. After Mr. Farshad filed suit, Certain Underwriters sought a summary judgment determination that Mr. Farshad was precluded from recovery under the terms of the Policy. However, the district court denied Certain Underwriters' request for summary judgment, and this writ application followed.

"A motion for summary judgment shall be granted upon a showing that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). A material fact is one that would matter on a trial on the merits, and any doubt regarding a material issue of fact must be resolved against the granting of the motion. *Smith v. Our Lady of the Lake Hosp.*, *Inc.*, 1993-2512, p. 27 (La. 7/5/94), 639 So. 2d 730, 751 (citation omitted).While the interpretation of an insurance contract can typically be resolved on summary judgment, "summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded." *Schelmety v. Yamaha Motor Corp., USA,* 50,586, p. 4 (La. App. 2 Cir. 4/13/16), 193 So. 3d 194, 197-98 (citations omitted). Residency is a mixed question of law and fact that must be considered in light of all the facts in a particular case. *See Davis ex rel. Zaire Ali Rose v. Pleasant*, 2010-1383, p. 4 (La. App. 4 Cir. 6/15/11), 68 So. 3d 679, 682 (citations omitted). "The intention of a person to be a resident of a particular place

2

is determined by his expressions at a time not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life." *Id*. (citation omitted).

In this case, we find the disputed Policy does not explicitly define the term "reside", creating a genuine issue of material fact that must be resolved against granting summary judgment. Ms. Farshad submitted his deposition testimony in opposition to the summary judgment motion, wherein he affirmed his intent to keep the subject property as his residence and return to it at some point in the future. Given the above-cited jurisprudence, we find the issue of whether the subject property could be deemed as Mr. Farshad's residence is a determination for the fact-finder to consider after reviewing all the evidence at a trial on the merits. Therefore, we deny writ.

**WRIT DENIED**